Argued and submitted February 19, conviction for unlawful possession of methamphetamine reversed and remanded; remanded for resentencing; otherwise affirmed July 16, 2014

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ANDREW RAYMOND KOLOSKI,
*Defendant-Appellant.*

Lane County Circuit Court
201120378; A151079

335 P3d 1265

Robin A. Jones, Senior Deputy Public Defender, argued the cause for appellant. With her on the brief was Peter Gartlan, Chief Defender, Office of Public Defense Services.

Greg Rios, Senior Assistant Attorney General, argued the cause for respondent. With him on the brief were Ellen F. Rosenblum, Attorney General, and Anna M. Joyce, Solicitor General.

Before Ortega, Presiding Judge, and DeVore, Judge, and Edmonds, Senior Judge.

PER CURIAM

## PER CURIAM

Defendant appeals his judgment of conviction for unlawful possession of methamphetamine, in violation of ORS 475.894, challenging the trial court's denial of his motion to suppress evidence found during a police officer's search of his backpack and a small opaque container discovered in the backpack at the scene of his arrest.[1] In particular, defendant argues that the arresting officer searched the container without a warrant or an exception to the warrant requirement and, therefore, violated his rights to be free from unreasonable searches and seizures under Article I, section 9, of the Oregon Constitution, and the Fourth Amendment to the United States Constitution. The state contends that the evidence was admissible because it would have been inevitably discovered under the Lane County Sheriff's Office inventory booking policy, and that that inventory booking policy is constitutional because such a policy is necessary to prevent dangerous chemicals or explosive devices from entering the jail's storage facilities. Our recent decision in *State v. Davis*, 262 Or App 555, 325 P3d 790 (2014), which held that a version of the Lane County inventory booking policy virtually identical to the one at issue here was constitutionally deficient, is dispositive of the issue. Therefore, the trial court's denial of defendant's motion to suppress was error. Accordingly, we reverse and remand his conviction for unlawful possession of methamphetamine and otherwise affirm.

Conviction for unlawful possession of methamphetamine reversed and remanded; remanded for resentencing; otherwise affirmed.

---

[1] Defendant does not challenge his convictions for resisting arrest, ORS 162.315, and interfering with a peace officer, ORS 162.147.